IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO MCKOY-MARIN,

        Petitioner,

        v.                              Case No. 2:26-cv-01325 KWR-DLM

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso*,
*U.S. Immigration and Customs Enforcement,*
TODD LYONS, *Acting Director,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

        Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE since February 11, 2026. Petitioner asserts that his detention is prolonged in violation of his due process rights under the Fifth Amendment and in violation of *Zadvydas v. Davis.* Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED** without prejudice.

Petitioner is a citizen of Spain. Doc. 6 at 1. He legally entered the United States on October 6, 1993 as a conditional lawful permanent resident. Doc. 6 at 1. His status was subsequently adjusted to lawful permanent resident. *Id.* On December 13, 2021, Petitioner was convicted of felony offenses in El Paso County, Texas, including possession of methamphetamine, and he was

sentenced to two years' imprisonment. Doc. 6 at 2. Petitioner was released into ICE custody on March 4, 2022. *Id*. On or around July 31, 2023, Petitioner was released from ICE custody on an order of recognizance after an immigration judge terminated the removal proceedings. Doc. 6 at 2-3. The BIA reversed the immigration judge's decision to terminate removal proceedings. *Id.* at 3. Petitioner was again taken into ICE custody on February 11, 2026. *Id.* On March 2, 2026, the immigration court ordered Petitioner removed to Spain. *Id*. Petitioner appealed the removal order, and the appeal is pending. *Id.*

Petitioner asserts a variety of claims. He asserts that his prolonged detention violates the Due Process clause of the Fifth Amendment and that *Zadvydas* imposes a six-month limit to his detention. Doc. 1 at 2. He also asserts that a denial of a bond hearing violates due process. Doc. 1 at 4.

Respondents assert that Petitioner is mandatorily detained under 8 U.S.C. § 1226(c), as he was convicted of possessing a controlled substance, methamphetamine. As explained below, Petitioner is mandatorily detained under § 1226(c), and he has failed to show that his three month detention violates due process.

*First,* Petitioner asserts that he is entitled to a bond hearing. The Court disagrees. As explained by Respondents, Petitioner is mandatorily detained under 8 U.S.C. § 1226(c) due to his felony conviction for possessing methamphetamine. Respondents are required to detain a noncitizen who "is deportable by reason of having committed any offense covered in section [8 U.S.C. § 1227(a)(2)(B)]." 8 U.S.C. § 1226(c)(1)(B). Under § 1227(a)(2)(B), a noncitizen is deportable who, "at any time after admission has been convicted of a violation of… any law…relating to a controlled substance…." Here, Petitioner was convicted of possession of methamphetamine. Therefore, he is mandatorily detained under § 1226(c). Petitioner summarily

asserts that his detention without a bond hearing violates due process, but he does not cite to any authority or explain why. As explained below, the Court declines to make arguments on his behalf or act as his counsel.

*Second*, Petitioner asserts that he should be released because his prolonged detention violates due process. Petitioner has not carried his burden to show that his three-month detention is prolonged and violates due process. To be sure, the Second Circuit held that detainees held under § 1226(a) are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022). Here, these cases are distinguishable in part as Petitioner is mandatorily detained under § 1226(c) and is not entitled to a bond hearing at all.

Alternatively, the Court denies his due process claim because he only summarily asserts a due process claim, and does not analyze his claim or submit authority in support of his claim. Considering the burden of proof as well as principles of party presentation, the Court declines to adjudicate a due process claim *sua sponte* without briefing by the parties. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of

proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). These principles apply even where a party is pro se. Although pro se pleadings should be construed liberally, a district court may not act as a pro se party's advocate, advancing arguments or facts on their behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of

4

advocate for the pro se litigant.").  Moreover, pro se parties must comply with the same procedural rules and law as counseled parties. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). Petitioner summarily asserts his claim and does not cite to any authority. Thus, Petitioner has not adequately asserted a due process claim.

Alternatively, Petitioner has not demonstrated that his three-month detention violates due process.  Petitioner was detained on February 11, 2026. Petitioner was ordered removed in March 2026 and he appealed the removal order.  His appeal is pending. Petitioner has not cited to any authority that a three-month detention violates due process.

*Third*, Petitioner asserts that his detention violates *Zadvydas*. *Zadvydas* concerned the detention of a noncitizen who received a final order of removal and was detained under § 1231 pending his removal from the country. *Zadvydas v. Davis*, 533 U.S. 678 (2001). It addressed the unique situation where a final order of removal was entered, but it was not significantly likely in the reasonably forseeable future that the noncitizen would be removed from the country, leading to indefinite detention.  *Id.* at 690, 701. However, the *Jennings* Court concluded that *Zadvydas* did not apply to detention under § 1225(b). *Jennings*, 583 U.S. at 300–01 (Section 1225(b)(1) and (b)(2) "mandate detention until a certain point and authorize release prior to that point only under limited circumstances. As a result, neither provision can reasonably be read to limit detention to six months."); *see also Demore v. Kim*, 538 U.S. 510, 528 (2003) (explaining how the *Zadvydas* analysis does not apply to another statute (§ 1226(c)) that mandates detention during removal proceedings). Thus, *Zadvydas* does not apply here, as a final order of removal has not been entered.

Moreover, in an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief under *Zadvydas* for indefinite detention. *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th

Cir. 2012). The *Mwangi* court reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States. *Id.* Here, Petitioner has been detained for three months, and he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is merely punitive. Respondents issued a removal order and he appealed the removal order.  The appeal is pending before the BIA. Petitioner has not given any reason to believe that a decision on his removal will not be issued. Although Petitioner asserts that he is not removable because he has a claim to U.S. citizenship, it appears the BIA disagreed when it reversed the termination of his removal proceedings. *See* Doc. 6-7 at 1-6. Therefore, Petitioner's *Zadvydas* claim fails.

*Fourth,* Petitioner summarily argues that his three-month detention is excessive, punitive, and not reasonably related to its purpose. Doc. 1 at 2-3. To the extent Petitioner asserts a substantive due process claim, he has failed to carry his burden. Petitioner has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987).

Here, Petitioner has not demonstrated that his detention is punitive or not related to a legitimate purpose. Petitioner has been detained for approximately three months, and he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is punitive. Respondents issued a removal order and Petitioner appealed that removal decision. Therefore, it is clear that Petitioner is being detained pending a decision on removal, and not to

merely punish him. Petitioner has not demonstrated that a decision on his appeal will not occur. Moreover, his detention is reasonably related to the legitimate purpose of adjudicating his removal and ultimately removing him from the country. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention pending a decision on his removal. Therefore, Petitioner's due process claim fails.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED** without prejudice**.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE